**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Behzad Amini, | No. CV-19-02601-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Vitaliy Bezsheiko, et al., | |
| Defendants. | |

Pending before the Court is Defendant Vitalii Bezsheiko's Motion to Dismiss First Amended Complaint, (Doc. 11, "Mot."). A response[1] and reply have been filed. (Doc. 13, "Resp."; Doc. 14 "Reply"). Defendant Bezsheiko moves to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). (Mot. at 1.) After considering the pleadings and applicable law, the Court finds it lacks personal jurisdiction over Bezsheiko and will grant his Motion.

**I.   BACKGROUND**

This case arises out of an allegedly defamatory online article titled "PKP's Position on Online Harassment." (Doc. 7, "FAC" ¶¶ 1, 11-19.) Bezsheiko and The Bogomolets National Medical University ("NMU") allegedly posted it in response to an inquiry about Plaintiff's services.[2] (*Id.* ¶ 11.) Plaintiff lives in Arizona and Bezsheiko lives in Ukraine. (*Id.* ¶ 4; Mot. at 11-12, "Bezsheiko Decl." ¶ 2.) As an Arizona resident, Plaintiff helps

---

[1] Plaintiff's twenty-page response violates Local Rule of Civil Procedure 7.2(e), which provides that a responsive pleading "may not exceed seventeen (17) pages, exclusive of attachments and any required statement of facts." LRCiv 7.2(e)(1).
[2] The FAC alleges Bezsheiko used NMU's facilities to post the article. (*Id.* ¶¶ 6, 11.)

academic professionals, research institutions, and universities establish online scholarly journals using the Open Journal Systems ("OJS") software. (*Id.* ¶¶ 8-9.) As a Ukrainian resident, Bezsheiko is a medical doctor, assistant NMU professor, and software developer at the Public Knowledge Project ("PKP"). (FAC ¶ 5; Bezsheiko Decl. ¶¶ 2, 7-9.) The PKP, which is not headquartered in Arizona, is a multi-university initiative that develops and maintains free open-source software, including the OJS software Plaintiff works with, to improve the quality and reach of scholarly publishing. (Bezsheiko Decl. ¶¶ 7-12.) Bezsheiko owns no Arizona real estate, conducts no business in Arizona, has never travelled to Arizona, and has no Arizona phone number or mailing address. (*Id.* ¶¶ 3-6.)

Plaintiff claims the article Bezsheiko posted online contains false and defamatory statements that damaged his reputation and interfered with the success of his business. (FAC ¶¶ 3, 14, 16-19.) Based on these allegations, he brings claims of defamation per se, tortious interference with prospective business relations, and false light against Bezsheiko and NMU. (*Id.* ¶¶ 20-42.) Bezsheiko claims the FAC must be dismissed because the Court lacks personal jurisdiction over him. (Mot. at 1.)

## II.    LEGAL STANDARD

Before trial, a defendant may move to dismiss the complaint against him for lack of personal jurisdiction. *Data Disc, Inc. v. Systems Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977); Fed. R. Civ. P. 12(b)(2). Plaintiff bears the burden of establishing personal jurisdiction. *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1141 (9th Cir. 2017); *see also Ziegler v. Indian River Cty.*, 64 F.3d 470, 473 (9th Cir. 1995). When the motion is based on written materials rather than an evidentiary hearing, "plaintiff need only make a prima facie showing of jurisdictional facts." *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990) (citing *Data Disk*, 557 F.2d at 1285). In determining whether the plaintiff has met his burden, the complaint's uncontroverted allegations must be taken as true, and "conflicts between the facts contained in the parties' affidavits must be resolved in [plaintiff's] favor for purposes of deciding whether a prima facie case for personal jurisdiction exists." *AT & T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996) (internal quotation

marks and citation omitted).

"When no federal statute governs personal jurisdiction, the district court applies the law of the forum state." *Freestream Aircraft (Bermuda) Ltd. v. Aero Law Grp.*, 905 F.3d 597, 602 (9th Cir. 2018) (citation omitted). Arizona law exercises personal jurisdiction to the "maximum extent permitted by the Arizona Constitution and the United States Constitution." Ariz. R. Civ. P. 4.2(a); *see also A. Uberti and C. v. Leonardo*, 892 P.2d 1354, 1358 (Ariz. 1995) (analyzing personal jurisdiction in Arizona under federal law). Therefore, analyzing personal jurisdiction under Arizona law and federal due process is the same. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800–01 (9th Cir. 2004).

In the personal jurisdiction context, "[d]ue process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State." *Walden v. Fiore*, 571 U.S. 277, 286 (2014) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). "Although a nonresident's physical presence within the territorial jurisdiction of the court is not required, the nonresident generally must have certain minimum contacts . . . such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Walden*, 571 U.S. at 283 (citations and internal quotations omitted). "Depending on the strength of those contacts, there are two forms that personal jurisdiction may take: general and specific." *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (citation omitted); *see also Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 416 (9th Cir. 1997). General jurisdiction exists when the defendant has "continuous and systematic" contacts with the forum state, whereas specific jurisdiction exists when the controversy arises from or is related to the defendant's contact with the forum state. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984).

"The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant focuses on the relationship among the defendant, the forum, and the litigation." *Walden*, 571 U.S. at 283–84 (internal quotation marks and citation omitted).

Courts "employ a three-part test to assess whether a defendant has sufficient contacts with the forum state to be subject to specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Picot*, 780 F.3d at 1211 (quoting *Schwarzenegger*, 374 F.3d at 802). "The plaintiff bears the burden of satisfying the first two prongs of the test." *Schwarzenegger*, 374 F.3d at 802. If he satisfies the first two prongs, "the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Id.* (quoting *Burger King*, 471 U.S. at 476–78). Absent a showing of a "compelling case" that exercising jurisdiction would be unreasonable, it is presumed reasonable. *Burger King*, 471 U.S. at 477. If a plaintiff fails to meet the first prong, the Court need not address the remaining prongs. *Ariz. Sch. Risk Retention Trust, Inc. v. NMTC, Inc.*, 169 F.Supp.3d 931, 936 (2016).

### III.   DISCUSSION

#### a.   **Personal Jurisdiction Over Defendant Bezsheiko**

Plaintiff claims the Court has *specific* jurisdiction over Bezsheiko. The FAC broadly alleges that a "substantial part of the events or omissions giving rise to the claim occurred in this judicial district." (FAC ¶ 3.) It more specifically alleges that the article's "false factual assertions are carefully and maliciously calculated to damage and injure Plaintiff Amini both in the publishing community – which is centered in this judicial district – as well as damaging the reputation of the Plaintiff with his clients, which is also centered in this judicial district." (*Id.* ¶ 14.) However, because Bezsheiko challenges the Court's

personal jurisdiction over him, Plaintiff must show it exists. *See Amba Mktg. Sys. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977) ("[Plaintiff] could not simply rest on the bare allegations of its complaint, but rather was obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction." (citation omitted)); *see also Nutrition Distrib. LLC v. IQ Formulations LLC*, No. CV-18-00348-PHX-GMS, 2019 WL 1077877, at *4 (D. Ariz. Mar. 7, 2019). The Court begins with the minimum contacts test.

i. Purposeful Direction

The first prong requires that Plaintiff show Bezsheiko "either (1) 'purposefully availed' [himself] of the privilege of conducting activities in the forum, or (2) 'purposefully directed' [his] activities toward the forum." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006) (citing *Schwarzenegger*, 374 F.3d at 802). These are two distinct tests, with each applied in different circumstances. *Schwarzenegger*, 374 F.3d at 802; *Ziegler*, 64 F.3d at 473 ("we apply different purposeful availment tests to contract and tort cases"). "A purposeful availment analysis is most often used in suits sounding in contract," while a purposeful direction analysis "is most often used in suits sounding in tort." *Schwarzenegger*, 374 F.3d at 802; *see also Brown v. Reese*, No. CV12-2003 PHX DGC, 2013 WL 525354, at *4 (D. Ariz. Feb. 11, 2013) ("[T]he Ninth Circuit has held that a district court should apply different jurisdictional tests to contract and tort cases."); *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 460 (9th Cir. 2007) ("it is well established that the *Calder* [purposeful direction] test applies only to intentional torts").

Plaintiff claims both tests under this prong are satisfied, however, since the FAC alleges three intentional torts, the Court uses the "purposeful direction" test. *Schwarzenegger*, 374 F.3d at 802; *see also Morrill*, 873 F.3d at 1149 (noting that since "the claims at issue are premised on alleged tortious conduct[,] . . . the purposeful availment test does not apply[]"). Purposeful direction is evaluated under the three-part "effects" test outlined in *Calder v. Jones*, 465 U. S. 783 (1984). *See Schwarzenegger*, 374 F. 3d. at 803. The *Calder* test "requires that the defendant allegedly have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is

likely to be suffered at the forum state." *Schwarzenegger*, 374 F. 3d. at 803 (quoting *Dole*, 303 F.3d at 1111); *see also Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitiseme*, 433 F.3d 1199, 1206 (9th Cir. 2006) (noting same).

### 1. Bezsheiko Committed an Intentional Act.

An "'[i]ntentional act' has a specialized meaning in the context of the *Calder* effects test." *Schwarzenegger*, 374 F. 3d. at 806. The word "act" "denote[s] an external manifestation of the actor's will and does not include any of its results, even the most direct, immediate and intended." *Id.* (citation omitted). "Intent" refers to "an intent to perform an actual, physical act in the real world, rather than an intent to accomplish a result or consequence of that act." *Id.* An "intentional act" need not occur in this forum to qualify. *See id.*

Plaintiff claims Bezsheiko "committed an intentional act" by "selling services to Arizona residents." (Resp. at 10.) Although Bezsheiko does not dispute this element, Plaintiff's argument misses the mark. Not only does the FAC not allege Bezsheiko sold anything in Arizona, but Bezsheiko has also provided evidence contradicting such a claim. (Bezsheiko Decl. ¶ 5 ("I conduct no business in Arizona.")). Furthermore, this case concerns Bezsheiko's posting of an allegedly defamatory article and does not even remotely involve his sale of anything. Nonetheless, the FAC alleges Bezsheiko "committed an intentional act" by posting the defamatory article from Ukraine,[3] which is the basis for each of Plaintiff's three claims. (*See* FAC ¶¶ 5, 11-19.)

### 2. Bezsheiko Did Not Expressly Aim His Conduct at Arizona.

The Court's "exercise of jurisdiction over an out-of-state intentional tortfeasor must be based on intentional conduct *by the defendant* that creates the necessary contacts with the forum." *Walden*, 571 U.S. at 286 (emphasis added). Because the "proper focus of the 'minimum contacts' inquiry in intentional tort cases is 'the relationship among the defendant, the forum, and the litigation,'" *id.* at 291 (quoting *Calder*, 465 U.S. at 788 (internal quotation marks omitted)), "the mere fact that [defendant's] conduct affected

---

[3] The Court infers Bezsheiko posted the article from Ukraine because he lives there. (Bezsheiko Decl. ¶ 2.)

plaintiff[] with connections to the forum State does not suffice to authorize jurisdiction," *Walden*, 571 U.S. at 291. In other words, "mere injury to a forum resident is not a sufficient connection to the forum," but rather only suffices to establish one contact with the forum. *Id.* at 290. Instead, "[t]he proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Id.*; *see also Morrill*, 873 F.3d at 1145 ("*Calder* adopted the rule that to establish the basis for specific personal jurisdiction, a tort must involve the forum state itself, and not just have some effect on a part who resides there.").

Plaintiff claims Bezsheiko expressly aimed his allegedly defamatory conduct at Arizona because he knew Plaintiff was an Arizona resident when he posted the article online. (Resp. at 10-12.) He further claims Bezsheiko's "Arizona sales and operation of an interactive website makes it even clearer that [he] aimed an act at Arizona." (*Id.* at 12; *see also id.* at 13 ("PKP and [Bezsheiko] have sold their services to Arizona directly through their interactive website.")). Bezsheiko argues that simply posting the article with knowledge that Plaintiff lives in Arizona is insufficient.[4] (Mot. at 6.) He also argues PKP's jurisdictional contacts cannot be imputed to him. (Reply at 6-7.) With Plaintiff's presence in Arizona being the only connection that the case has to this forum, Bezsheiko's arguments persuasively show the Court lacks personal jurisdiction over him.

As a preliminary matter, Bezsheiko is correct that the jurisdictional contacts of his employer, PKP, cannot be imputed to him. *Calder*, 465 U.S. at 790 ("Each defendant's contacts with the forum state must be assessed individually."); *see also Labate v. Bush*, No. CV12-0421-PHX-DGC, 2012 WL 1831531, at *4 (D. Ariz. May 18, 2012) ("An employee's contacts with a state are not to be judged according to their employer's activities." (citation omitted)). Thus, Plaintiff's unsupported assertions that PKP's "interactive website" confers jurisdiction over Bezsheiko is unpersuasive. Not only does Plaintiff fail to show Bezsheiko operated an "interactive website" or that the website targeted Arizonians, but the contacts created through PKP's "interactive website," even if

---

[4] Bezsheiko argues the FAC alleges nothing showing he knew Plaintiff lived in Arizona. This is untrue considering the article explicitly references Arizona.

- 7 -

it were "interactive," cannot be imputed to Bezsheiko.[5]

Bezsheiko also correctly argues that posting an online article with knowledge of Plaintiff's location insufficiently shows the Court has personal jurisdiction over him.[6] *See, e.g.*, *Xcentric Ventures, LLC v. Bird*, 683 F.Supp.2d 1068, 1073-75 (D. Ariz. 2010) (holding that mere knowledge of an individual's residence, combined with intentional posting of defamatory statements online does not amount to "express aiming"); *Young v. New Haven Advocate*, 315 F.3d 256, 263 (4th Cir. 2002) ("[A] person's act of placing information on the Internet is not sufficient by itself to subject that person to personal jurisdiction in each State in which the information is accessed. . . . The [defendant] must, through the Internet postings, manifest an intent to target and focus on [the forum state] readers." (internal quotation marks and citations omitted)); *Shrader v. Biddinger*, 633 F.3d 1235, 1241 (10th Cir. 2011) ("[P]osting allegedly defamatory comments or information on an internet site does not, without more, subject the poster to personal jurisdiction wherever the posting could be read (and the subject of the posting may reside)."). To hold otherwise, as the Supreme Court has reasoned, "improperly attributes a plaintiff's forum connections to the defendant and makes those connections 'decisive' in the jurisdictional analysis." *Walden*, 571 U.S. at 289; *see also Rush v. Savchuk*, 444 U.S. 320, 332 (1980).

Nevertheless, in claiming the Court has personal jurisdiction over Bezsheiko, Plaintiff incorrectly relies on *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000), for the proposition that the "[express aiming] requirement is satisfied when the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state." (Resp. at 10.) In *Walden*, the Supreme Court implicitly overruled this test when it reasoned that a similar approach[7] to the "minimum contacts" test "impermissibly allows a plaintiff's contacts with

---

[5] Relatedly, Plaintiff's unsupported and unalleged facts in his response also cannot be imputed to Bezsheiko.

[6] Although Plaintiff ultimately argues the opposite, he nevertheless appears to acknowledge these two things might not be enough. (*See* Resp. at 11 ("Courts have held that expressly aiming an intentional act requires 'something more' than 'knowledge of the plaintiff's residence and a foreseeable harm to the plaintiff.'")).

[7] The *Walden* respondents proposed that "a defendant creates sufficient minimum contacts with a forum when he (1) intentionally targets (2) a known resident of the forum (3) for

- 8 -

the defendant and forum to drive the jurisdictional analysis." *Walden*, 571 U. S. at 289.

While *Walden* "does not present the very different questions whether and how a defendant's virtual 'presence' and conduct translate into 'contacts' with a particular State," *id.* at 290 n.9, its interpretation of *Calder*, another non-virtual case, is nonetheless helpful here. As the Ninth Circuit explained, "*Walden* distinguished *Calder*[,] . . . in which the Court affirmed a finding of personal jurisdiction in California over two Florida residents[] [who] had written and edited an allegedly libelous article about a California resident that was published in the National Enquirer." *Morrill*, 873 F.3d at 1144 (citing *Calder*, 465 U.S. at 783). The *Walden* Court reasoned that the "reputation-based 'effects' of the alleged libel connected the defendants to California, not just to the plaintiff." *Morrill*, 873 F.3d at 1144 (quoting *Walden*, 571 U.S. at 287). The Court further reasoned that the reputational injury in *Calder* "would not have occurred but for the fact that the defendants wrote an article for publication in California that was read by a large number of California citizens." *Morrill*, 873 F.3d at 1144 (quoting *Walden*, 571 U.S. at 288). Simply put, the *Calder* defendants established minimum contacts in California beyond the mere fact that plaintiff happened to live there. *See Calder*, 465 U.S. at 789 ("California is the focal point both of the story and of the harm suffered.")

The situation here is far from the one in *Calder*. Bezsheiko's contacts with Arizona, as demonstrated by Plaintiff, do not establish that the Court ought to exercise jurisdiction over him. Beyond simply listing Plaintiff's Arizona location in the article, no allegations or facts connect Bezsheiko's conduct to Arizona, let alone illustrate he expressly aimed his defamatory article at this forum. The fact that Plaintiff was allegedly injured in Arizona is a single isolated contact with Arizona. But this is insufficient on its own to show Bezsheiko is meaningfully connected to this forum. In fact, it appears the opposite is true. That is, Bezsheiko's evidence demonstrates the absence of any meaningful connection to Arizona. For instance, as a Ukrainian resident, Bezsheiko owns no Arizona real estate, conducts no business in Arizona, has never travelled to Arizona, and has no Arizona phone number or

---

imposition of an injury (4) to be suffered by the plaintiff while she is residing in the forum state." *Walden*, 571 U.S. at 289 n.8.

mailing address. (Bezsheiko ¶¶ 3-6.) Without evidence showing otherwise, Plaintiff's naked allegations and unsupported factual assertions that this Court may exercise personal jurisdiction over Bezsheiko must fail. Since Plaintiff fails to show Bezsheiko's posting of the article was expressly aimed at Arizona, the Court will not analyze the third element of the *Calder* test. *Schwarzenegger*, 374 F. 3d. at 807 n.1. The Court also need not address the other two prongs of the minimum contacts test. *Ariz. Sch. Risk Retention Trust*, 169 F.Supp.3d at 936.

### IV.   CONCLUSION

Plaintiff has not shown the Court has general or specific personal jurisdiction over Bezsheiko. Bezsheiko's sole contact with Arizona, allegedly inflicting harm on a single Arizona resident, inadequately shows he purposefully directed his conduct at this forum. His lack of minimum contacts, or any meaningful connection to this forum, requires he be dismissed from the case.

Accordingly,

**IT IS ORDERED GRANTING** Defendant Bezsheiko's Motion to Dismiss First Amended Complaint, (Doc. 11). Bezsheiko is dismissed as a party to this case;

**IT IS FURTHER ORDERED DIRECTING** the Clerk of Court enter Judgment consistent with this order under Rule 54(b) as there is no just reason for delay.

Dated this 20th day of April, 2020.

_____
Honorable Susan M. Brnovich
United States District Judge